HUME v. DENTON et al. (No. 5550.)

(Court of Civil Appeals of Texas. Austin. April 26, 1916. On Appellant's Motion for Rehearing, June 14, 1916. Rehearing Denied Oct. 11, 1916.)

Appeal from District Court, McLennan County; J. Walter Cocke, Special Judge.

Trespass to try title by the Central Texas Improvement Company and W. B. Carrington against W. R. Denton and A. R. Roberts, with cross-action by defendant Roberts against his codefendant, and intervention by S. L. Hume, setting up the ordinary allegations in trespass to try title. Cause dismissed as to plaintiff, judgment for defendants, and the intervener appeals. Reversed, and judgment rendered for intervener.

H. N. Atkinson, of Houston, and W. L. Eason and W. B. Carrington, both of Waco, for appellant. Pat M. Neff, Edgar E. Witt, Wm. R. Saunders, and Chas. B. Braun, all of Waco, for appellees.

RICE, J. The Central Texas Improvement Company and W. B. Carrington, as plaintiffs, brought this suit in the form of trespass to try title against W. R. Denton and A. R. Roberts, to recover of and from them the title and possession of lots Nos. 4, 5, 6, 7, and 11 in block No. 38 of the Provident Heights addition to the city of Waco.

Defendant Roberts filed his original answer and cross-action, wherein he pleaded a general demurrer, plea of not guilty, and that his codefendant Denton had conveyed to him the lots by warranty deed, and prayed that in the event of plaintiffs' recovery that he have judgment over against Denton for the purchase money paid by him and interest thereon, and asking that Denton be required to defend said suit.

Denton in due time thereafter filed his original answer, wherein he denied the allegations of plaintiffs' pleading, interposing pleas of not guilty, and the three and five year statutes of limitations.

On the 2d of May, 1914, appellant Hume filed his plea of intervention, complaining of the above-named defendants, setting up the ordinary allegations in trespass to try title, and praying judgment against defendants for title and possession of said property. Subsequently plaintiffs and intervener filed their first supplemental petition, wherein, among other things, they denied each and all of the allegations of defendants' original answer, and prayed as in their original pleading for title and possession of said property. Though not specially pleaded, appellees relied upon an equitable estoppel, based on certain alleged statements made by H. N. Atkinson, secretary and treasurer of the Provident Investment Company, the former owner of the lots, and one of the attorneys for appellant, to Mr. E. C. Street, formerly assistant county attorney of McLennan county.

During the progress of the trial the Central Texas Improvement Company and Carrington were, at their own instance, dismissed from the case, and the trial proceeded alone in the name of intervener, appellant herein. Judgment having been rendered in favor of appellees, appellant has duly prosecuted this appeal therefrom, asking a re-

versal on the ground that the court erroneously submitted the issue of estoppel to the jury.

This, in all substantial respects, is a companion case to cause No. 5548, styled S. L. Hume, Appellant, v. R. B. Carpenter et al., Appellees, 188 S. W. 707, this day decided by us, the issues being practically similar, and predicated upon the same testimony; for which reason we adopt the opinion in the case last referred to as our opinion in this, and direct that the judgment herein be in all things reversed, and the cause remanded.

Reversed and remanded.

### On Appellant's Motion for Rehearing.

This is a companion case to that of S. L. Hume v. R. B. Carpenter et al., this day reversed and rendered by us on appellant's motion for rehearing, and involves the same issues as in that case, with the exception of the issue of improvements in good faith; for which reason the judgment of the court below is reversed and here rendered for appellant for the lots in controversy.

Motion granted. Judgment reversed and rendered.